**PACIFIC AMERICAN SHIPOWNERS ASS'N et al. v. ALASKA SALMON PURSE SEINERS UNION et al.**

No. 4370-A.

District Court of Alaska. First Division. Juneau.

June 15, 1939.

Ziegler & King, of Ketchikan, and Faulkner & Banfield, of Juneau, for plaintiffs.

McCain & Stearns, of Ketchikan, for defendants.

ALEXANDER, District Judge.

This matter having come on for hearing on Friday, June 9, 1939, before the undersigned, Judge of the above entitled Court, upon the application of plaintiffs for a temporary restraining order herein; the plaintiffs appearing by their attorneys Faulkner & Banfield, R. E. Robertson and Ziegler & King, and said Court having issued a Show Cause Order therein, returnable Tuesday June 13, 1939 at 2 o'clock P.M., and having ordered that said Order to Show Cause, together with a copy of plaintiff's complaint herein be forthwith served upon the defendants and each of them, and said matter having come on for hearing on its merits at 2 o'clock P.M. on Tuesday, June 13, 1939, plaintiffs appearing by their attorneys Faulkner & Banfield, R. E. Robertson and Ziegler & King; the defendants appearing by E. C. Sukow, Sec-

retary of the Alaska Salmon Purse Seiners Union, and by Tommie Thompson, Chairman of the Strike Committee of said union for the West Coast, and by their attorneys McCain & Stearns, and a full hearing having been had thereon, wherein the plaintiffs produced oral testimony in open court in support of the complaint, and the defendants likewise produced oral testimony in open court in support of the answer, and the cause having been argued by counsel and submitted to the court, and the court being now fully advised in the premises and having rendered its memorandum oral opinion herein, does find that the plaintiff steamship companies are engaged in interstate commerce as common carriers in transporting freight, passengers and United States mail by vessels between ports and places on Puget Sound and ports and places in the Territory of Alaska, and that the defendants have entered into an unlawful combination and conspiracy to compel the said steamship companies to surrender rights guaranteed to them in and by the terms of collective bargaining agreements with their employees by dissuading and preventing the employees of the steamship companies from performing work on the vessels of said steamship companies and at the docks or terminals where said vessels discharge cargo and to prevent said steamship companies, and each of them, from loading, transporting and discharging lawful merchandise, consisting of freight and general cargo tendered to them for transportation from ports and places on Puget Sound to ports and places in the Territory of Alaska;

It further appearing that said defendants, pursuant to said unlawful combination and conspiracy, have prevented the discharge of plaintiffs' ships at various ports in Alaska, set forth in the complaint, by establishing and maintaining pickets on boats in front of the docks and terminals in Alaska where plaintiffs attempted to discharge said cargo, and thereby and by other means inducing the employees of plaintiffs to violate their aforesaid agree-

ments, and have interfered with the functions of plaintiffs as common carriers engaged in interstate commerce; and,

The Court having found from the evidence produced at said hearing that there is no labor dispute or controversy existing between defendants and the plaintiff steamship companies and no labor dispute existing between plaintiffs and their employees;

Now, therefore, it is hereby ordered, adjudged and decreed that the defendants, and each of them, and all persons that are now or may hereafter be engaged by them, and all of their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them, be, and they are hereby restrained and enjoined, pending further order of this court, from—

(1) Establishing or maintaining pickets or picket boats in the water at, adjacent to or in the vicinity of the docks, wharves and terminals in Alaska at which plaintiffs, or any of them, shall have cause to discharge their ships laden with freight;

(2) Prevent or attempting in any manner to prevent, or encouraging anyone else in preventing the discharge of the cargo of freight now on the S. S. Lakina at Waterfall, Alaska; and the defendants, and each of them, are hereby commanded to immediately cease all picketing by boat in the water at the Waterfall cannery in Alaska where the S. S. Lakina is now preparing to discharge her freight, and the officers of the defendant corporation Alaska Salmon Purse Seiners Union are hereby commanded to direct their employees, agents and pickets to immediately cease picketing by boats in the water at said Waterfall cannery;

(3) Preventing or attempting to prevent or dissuade in any manner the members of the Sailors' Union aboard plaintiffs' ships, or any other employees thereon, from discharging the cargo now on the S. S. Lakina at Waterfall, Alaska, or from any other ships of the plaintiffs which

may hereafter discharge cargo or attempt to discharge cargo at any dock, terminal or cannery in Alaska;

(4) Picketing the ships of plaintiff corporations which hereafter shall attempt to load, handle, discharge or transport freight in Alaska;

(5) Interfering in any manner prohibited by this order, with the business of plaintiffs in Alaska, while engaged in their functions as carriers of freight in interstate commerce between the port of Seattle, Washington, or other ports outside the Territory of Alaska, to or from ports, docks and terminals in Alaska;

(6) Boarding plaintiffs' ships, or any of them, for the purpose of contacting, inducing, soliciting or dissuading plaintiffs' employees, or any of them, from loading, unloading, handling or transporting freight, or from performing the terms of such employees' agreements with plaintiffs, or any of them;

It is further ordered that the defendants, and each of them, immediately and forthwith revoke and rescind any and all instructions or requests heretofore given or made by them to each other, to their employees or to other persons acting under their direction or in concert therewith, for the purpose of preventing the discharge of the cargo now aboard the S. S. Lakina, or for the general purpose of preventing the discharge of any cargo aboard plaintiffs' ships at any of the ports or destinations of said freight in the Territory of Alaska; and,

It is further ordered, That plaintiffs file a good and sufficient bond in the sum of $5,000, to be approved by counsel for defendants, with the usual condition to indemnify the defendants in case this injunction is wrongfully issued, said bond having been filed in this cause and duly approved by attorneys for the defendants, and is hereby accepted and approved by the Court; and

It is further ordered, That the defendants, and each of them, by virtue of having appeared in this court and cause by their counsel, McCain & Stearns, and having

**514**

submitted to the jurisdiction of the court, are hereby charged with notice of the issuance and existence of this restraining order, and they are directed to immediately comply with the terms and provisions hereof in all respects; and that this restraining order shall be effective as to all of the defendants, and each of them, upon the service of a copy thereof upon Messrs. McCain & Stearns, their attorneys; and

It is further ordered, That this order shall remain in full force and effect until further ordered by the Court, subject, however, to the right of either plaintiffs or defendants, upon five (5) days written notice to the other side, to move for dissolution, modification or amendment hereof. No costs to either party.